UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOHN MICHAEL DUNN,<br><br>　　　　　　　Plaintiff,<br>　v.<br>DREW M. CHRISTENSEN, et al.,<br><br>　　　　　　　Defendants. | Case No. 2:15-cv-01812-JCM-PAL<br><br>**ORDER** |

This matter is before the Court on Plaintiff John Michael Dunn's Letter (Dkt. #4) which the court will treat as a request to reconsider the Court's Report of Findings and Recommendation (Dkt. #3). This proceeding is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 and 1-9 of the Local Rules of Practice.

Mr. Dunn is a prisoner proceeding in this action *pro se*. He is an inmate in the custody of the Clark County Detention Center and has been at all relevant times. On November 18, 2015, the Court entered a Report of Findings and Recommendation (Dkt. #3), which recommended that this case be dismissed because Mr. Dunn's failed to comply with this Court's Order (Dkt. #2) instructing him to pay an initial partial filing fee of $22.37. In response, Mr. Dunn filed his letter (Dkt. #4), attaching a receipt showing that the Account Office at the Clark County Detention Center deducted funds from his accounts for the partial filing fee and that he was checking to see why this Court did not receive payment. According to his records, the Clark County Detention Center deducted two payments from his inmate trust account, totaling $57.37.

The Court contacted its financial department and verified that Mr. Dunn's payments were in fact received: (1) $22.37 on November 4, 2015, *see* (Dkt. #4-2); and (2) $35.00 on November 30, 2015, *see* (Dkt. #4-3). However, due to a clerical error the receipts were not entered on the

docket. This will be corrected. The Court will therefore vacate and set aside the Report of Findings and Recommendation (Dkt. #3).

In a separate order, the Court will screen Mr. Dunn's Complaint as required by 28 U.S.C. §§ 1915(e)(2) and 1915A(a); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (noting that § 1915(e)'s screening requirement "applies to all *in forma pauperis* complaints").[1] If his Complaint states a valid claim for relief, the Court will direct the Clerk of the Court to issue summons to the Defendants and instruct the United States Marshal Service to serve the summons and complaint. *Cf.* Fed. R. Civ. P. 4(c)(3); LSR 1-3(c).

Accordingly,

**IT IS ORDERED:**

1. The Report of Findings and Recommendation (Dkt. #) VACATED, WITHDRAWN and SET ASIDE.

2. The Court will screen Mr. Dunn's Complaint in a separate order.

Dated this 7th day of December, 2015.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

---

[1] 28 U.S.C. § 1915A(a) requires district courts to "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a government entity or officer or employee of a governmental entity."